```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSHUA ZARETSKY,
                          Plaintiff(s),           **REPORT AND
                                                  RECOMMENDATION**
            -against-                             CV 08-378 (DRH) (WDW)

NEW CENTURY MORTGAGE CORP.
et al.,
                          Defendant(s).
----------------------------------------------------------X
```

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Hurley is the determination of default damages against defendants Robert Adlerstein, Rodney Boone, and Tom DeBonis against whom a default judgment has been temporarily entered by Judge Hurley. *See* Order of 4/18/11. Because there are two defendants remaining in the action against whom default has been neither sought nor entered, I recommend that the award of damages be deferred until the claims against the remaining defendants have been determined or defaults entered against them.

## DISCUSSION

This action was filed on January 28, 2008, alleging violations of the federal Truth in Lending law. As of the date of this Report and Recommendation, all defendants have either been terminated by Stipulation or had a default judgment entered against them, with the exception of New Century Mortgage Corporation and Southern Star Mortgage Corporation, both of which appear to be in default. My chambers called plaintiff's attorney on April 19, 2011 to inquire about the status of those two defendants, but no information has been relayed to me, nor has the plaintiff moved for default as to those two entities.

In a situation "where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the

amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (quoting *Friedman v. Lawrence*, 1991 WL 206308, at *4 (S.D.N.Y. Oct. 2, 1991)). "This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability and it is unclear herein whether joint liability might apply. Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations. *Harvey v. Home Savers Consulting Corp.*, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (internal citations and quotations omitted); *see also Long Island Hous. Services v. Greenview Properties, Inc.*, 2008 WL 150222, at *2 (E.D.N.Y. Jan. 11, 2008) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."); *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (same). Thus, I recommend that a determination of damages be deferred until the status of the two remaining corporate defendants has been determined.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the remaining defendants and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure

to file objections within this period waives the right to appeal the District Court's Order. *See*

*Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d

900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
 May 10, 2011

        /s/ William D. Wall
       WILLIAM D. WALL
       United States Magistrate Judge