```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSHUA ZARETSKY,
                             Plaintiff(s),                    **REPORT AND**
                                                              **RECOMMENDATION**
            -against-                                         CV08-378 (DRH) (WDW)

NEW CENTURY MORTGAGE CORP.,
et al.,
                             Defendant(s).
----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Hurley is the determination of default damages against defendants Robert Adlerstein, Rodney Boone, and Tom DeBonis, against whom a default judgment has been entered by Judge Hurley. *See* DE[62]. I recommend that the grant of default judgment as to the General Business Law §349 claim be vacated and that no damages be awarded, for the reasons set forth *infra.*

## BACKGROUND

In an earlier Report & Recommendation, I recommended that because there were two defendants remaining in the action against whom default had been neither sought nor entered, the award of damages should be deferred until the claims against the remaining defendants had been determined or defaults entered against them. The plaintiff subsequently addressed those issues, dismissing claims against extraneous parties. On 8/5/11, I ordered the plaintiff to submit additional papers in support of the damages and attorneys fees sought, requiring that the papers include a statement regarding any damages that the plaintiff has received or will receive from other parties, either through settlement or otherwise, and include a memorandum of law providing legal support for the damages and attorneys fees sought. The submissions were timely filed. *See* DE[59-61]. Later, Judge Hurley granted the plaintiff's motions for default judgment

and re-referred the computation of damages to me.

## DISCUSSION

Once found to be in default, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint pertaining to liability. *See Car-Freshener Corp. v. Excellent Deals, Inc.,* 2011 WL 3846520, *1 (E.D.N.Y. Aug. 1, 2011) *(*citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992)). A court, however, retains the discretion to determine whether a final default judgment is appropriate. *Id.* (citing *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993)). Even after a defendant has defaulted, a plaintiff must "establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *Id.* (citations omitted). Here, the plaintiff seeks a judgment against the three defaulting individuals based on claims of fraud, breach of fiduciary duty and violation of New York's consumer protection statute, General Business Law §349, in connection with his purchase of real property located at Alabama Avenue in Hempstead, New York ("the Premises").

I recommend that default judgment not be granted as to the General Business Law claim, because the facts alleged in the Complaint do not state a cause of action under that statute. As Judge Hurley has recently found, to state a claim under section 349, a plaintiff must allege that: "'(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result.'" *Crabhouse of Douglaston, Inc. v. Newsday, Inc.,* 2011 WL 2748147, *20 (July 13, 2011) (quoting *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009)). An alleged act is "consumer-oriented" if it has "'a broad[] impact on consumers at large.'" *Id*. (quoting *Gaidon v. Guardian Life Ins. Co.*, 94 N.Y.2d 330, 344, 725 N.E.2d 598, 604 (N.Y. 1999)) (additional citations omitted); *see also Allstate Ins. Co. v. Bogoraz*, 2011WL 2421045 (E.D.N.Y. June 10, 2011). Plaintiffs claiming benefit of section 349, must, as a threshold matter,

"'charge conduct of the defendant that is consumer-oriented.'" *Kraft v. Staten Island Boat Sales, Inc.,* 715 F. Supp. 2d 464, 479 (S.D.N.Y. 2010) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20, 25 (1995)). Thus, the plaintiff "'must demonstrate that the acts or practices [complained of] have a broad[] impact on consumers at large. Private contract disputes, unique to parties . . . would not fall within the ambit of the statute.'" *Id.* (quoting *Oswego,* 85 N.Y.2d at 25 and citing *Genesco Entm't v. Koch,* 593 F. Supp. 743, 752 (S.D.N.Y. 1984)(section 349 did not apply to "single shot transaction" where the only parties truly affected by the alleged misrepresentations were the plaintiff and the defendants)). The facts alleged by Zaretsky here pertain to a limited transaction between him and the defendants, with no broader application to the public at large or to consumers generally, and I recommend a finding that section 349 does not apply.

As to damages sought for the other causes of action, a default "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in [the] complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence can provide this basis. *See, e.g., Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). Here, the plaintiffs have submitted declarations from the plaintiff, Joshua Zaretsky, and from his attorney,

Mario DeRossi. The defendants have not submitted any opposition. Accordingly, a hearing on the issue of damages is not necessary, and I recommend that no damages be awarded, because the plaintiff has already been fully compensated for his losses.

In the Complaint and in his Declaration in support of damages on the default, Zaretsky outlines fraudulent acts committed by Adlerstein, Boone and DeBonis against him. I find that the fraud allegations against the three defaulting defendants are well-pleaded and establish Zaretsky's right to damages under New York's "out of pocket" rule. As Zaretsky argues, he is entitled to his out of pocket losses, but not to any potential gains he might have made from his investment. *See Reno v. Bull,* 226 N.Y. 546, 553 (1919); *Cayuga Harvester v. Allis-Chalmers Corp.,* 95 A.D.2d 5 (4th Dept. 1983); *Foster v. DiPaolo,* 236 N.Y.132 (1923). Under this rule, he seeks actual damages of the mortgage payments he made, his attorney's fees, lost wages associated with his having to come to New York to resolve the problems, and costs and disbursements, less amounts recovered from other parties. He also seeks damages on the breach of fiduciary duty claims, arguing that he sustained actual damages as a natural and probable consequence of the breach. *See* DE[61]. Of course, he cannot get a double recovery under the two causes of action, but only his actual damages.

Zaretsky seeks "actual damages" of $23,450.40, comprising out of pocket mortgage payments in the amount of $23,590, lost wages in the amount of $20,000, counsel fees in the amount of $14,500, and costs and disbursements in the amount of $1,949.40. Zaretsky says these numbers add up to $60,802,40, but they actually add up to $60,039.40. *See* DE[61], Damages Calculation section. His claim for attorney's fees is, however, premised on section 349, which does not apply and cannot provide a basis for the award of fees. Nor is he entitled to attorney's

fees on his other state law causes of action, which are governed by the "American Rule" that the prevailing party may not recover attorney's fees as costs or otherwise, absent some specific contractual or statutory basis or other limited exception to the rule. *See Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.,* 190 F. Supp. 2d 407, 414-15 (E.D.N.Y. 2002) (citing *Alyeska Pipeline Service Co. v. The Wilderness Society,* 421 U.S. 240, 245 (1975)), *rev'd on other grounds*, 393 F.3d 312 (2d Cir. 2004).

The amount sought is thus reduced by $14,500 to $45,539.40 in actual damages. Zaretsky recognizes that the amount of actual damages must be offset by monies he has received from other parties based on the same claims. He received $56,000 from other parties in settlement, but says that he paid his attorney $18,648 of that sum, leaving him with only $37,352 as the appropriate offset. I do not agree that the attorney's fees he paid out of his settlement funds can be excluded from the offset, and he has offered no legal basis for allowing such an approach. To allow the segregation of the $18,648 would amount to an award of attorney's fees in that amount, and Zaretsky has provided no legal support for such an award. Thus, we must offset the full $56,000 that he received.

In sum, I find that the plaintiff is entitled to his actual damages of $43,590 ($23,590 in mortgage payments and $20,000 in lost wages). *See* Zaretsky Decl., Ex. C. But he has already gotten $56,000 to cover those actual damages and has thus already been made whole. To the extent that he also seeks costs and disbursements, he can make that application to the Clerk's Office if and when a judgment is entered.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by

5

electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defaulting defendants by certified mail, return receipt requested, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
October 3, 2011

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge